11-1756-ag
Lucaj v. Holder

BIA
A070 893 833

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        JOSÉ A. CABRANES,
>        DENNY CHIN,
>             *Circuit Judges.*

_____

GJERGJ LUCAJ,
>        *Petitioner,*

>        v.                                    11-1756
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Michael P. DiRaimondo; Marialaina L. Masi; Stacy A. Huber, DiRaimondo & Masi, LLP, Melville, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Julie M. Iversen, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Gjergj Lucaj, a native of the former Yugoslavia and citizen of Montenegro, seeks review of an April 20, 2011, order of the BIA denying his motion to reopen. *In re Gjergj Lucaj*, No. A070 893 833 (B.I.A. Apr. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case. We review the agency's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

Because Lucaj's motion to reopen was filed more than ninety days after the BIA's final order of removal, he argued before the BIA that he was exempt from the time limits on motions to reopen because he demonstrated changed country conditions affecting his eligibility for asylum. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii). Accordingly, the BIA could have denied his motion as untimely if it concluded that he did not demonstrate a material change in country conditions,

2

*Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005), or if he did not establish his *prima facie* eligibility for relief, *INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *see Poradisova*, 420 F.3d at 78.

Lucaj presented the BIA with three types of evidence to show a change in country conditions: (1) newspaper articles about the arrest and alleged torture of 14 Albanians accused of terrorism, including Lucaj's cousin; (2) photographs demonstrating that Lucaj was involved in political protests in the United States against these arrests; and (3) affidavits from experts stating that ethnic tensions in Montenegro have worsened and Lucaj may be prosecuted as a draft-evader if he returns.

The BIA did not abuse its discretion in finding that the first two sets of evidence did not establish changed country conditions. We have previously determined that evidence about the treatment of Albanians accused of terrorism does not demonstrate the persecution of Albanians in general. *Lecaj v. Holder*, 616 F.3d 111, 117–19 (2d Cir. 2010) (stating that "single incident of police abuse" shows only "animus against suspected terrorists" and not discrimination against an ethnic minority or religious

3

group).  Accordingly, the BIA reasonably concluded that, while Lucaj's cousin was allegedly one of those arrested, this incident did not establish a material change in country conditions, because Lucaj did not present any evidence to show that he would be treated as a terrorism suspect.

Similarly, the BIA reasonably concluded that Lucaj's involvement in protests in the United States did not constitute a material change in conditions in Montenegro. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (concluding that changed personal circumstances in United States do not constitute changed circumstances arising in country of nationality).

However, the BIA abused its discretion in its treatment of Lucaj's evidence regarding his potential prosecution for draft evasion.  Contrary to Lucaj's argument, the BIA did not deny him due process by failing to consider the reports from experts describing conditions in Montenegro: the BIA explicitly stated that it had considered those reports. But, without directly addressing whether Lucaj established changed country conditions relating to the prosecution of draft evaders or a *prima facie* claim that he would be prosecuted, the BIA stated that his evidence did not

4

establish a material change because, if Lucaj was prosecuted for evading the draft, he failed to show that such a prosecution would be a disproportionately severe punishment on account of a protected ground and constitute persecution. This was a misstatement of the law.

Under our decision in *Islami v. Gonzales*, 412 F.3d 391 (2d Cir. 2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007), the prosecution of an ethnic Albanian, like Lucaj, who refused to serve in the Yugoslavian military could constitute persecution and form the basis of an asylum claim because the Yugoslavian army would likely have required Lucaj to engage in military campaigns, widely condemned by the international community, against his fellow Albanians. *Id.* at 396-97. Accordingly, Lucaj was not required to show that any prosecution of him for draft evasion would be disproportionately severe: any prosecution for draft evasion could count as persecution and form the basis of an asylum claim. *Id.* The BIA therefore abused its discretion by basing its conclusion that Lucaj's evidence about the treatment of draft evaders did not establish a material changed in country conditions on an error of law.

We therefore grant the petition for review in part and vacate the agency's conclusion that Lucaj did not establish a change in country conditions relating to the prosecution of draft evaders in Montenegro. The BIA's decision did not address Lucaj's arguments that there was a change in conditions for draft evaders or whether he established a *prima facie* claim that he would actually be prosecuted for draft evasion. We do not now express any opinion on those issues or the ultimate outcome of Lucaj's motion to reopen.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and the case is REMANDED to the BIA for proceedings consistent with this decision. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6